Oasey, Oh. J.,
concurring:
I do not think we have jurisdiction of this case, and hence I would dismiss the petition. It is a claim for army transportation, and the act of Congress of March 3,1817, (3 Stat. L., p. 366,) provides that all such accounts shall be submitted to the proper auditor or comptroller. The accounting bureaus were organized to settle accounts. The Court of Claims was established to adjudicate disputed claims. If we have jurisdiction of this case, we have the same of all accounts for the ordinary expenses of the government. This, I think, never was intended by Congress. The act of March 3,1797, (1 Stat. L., p. 512,) requires that an account in favor of a party shall be settled in the accounting department before it can be set off in a suit in which the Dnited States are plaintiffs. So the act of March 30,1868, (15 Stat. L., p. 1,) makes the action of the auditor and comptroller final and conclusive on the executive branch of the government, but subject to revision by Congress or the proper court. This necessarily implies there shall be a settlement first and a revision afterwards. The act of June 25,1868, (15 Stat. L., p. 76,) provides the methods by which such revision by this court shall be invoked and exercised, and describes the cases subject to-this revision to be such “as involve disputed facts or controverted questions of law.” Till it assume this character it is an account •, afterwards it is a claim, and cognizable by this court. To allow every creditor of the government his option to bring suit in the Court of Claims or have his account ad-adjusted at the department, would produce the wildest confusion in public accounts and overwhelm this court with business, oftentimes in a single day, which it could not dispatch in a year. We have no better means for adjusting accounts than the auditors and comptrollers have for trying and deciding judicial controversies. And if Congress had intended that each should exercise the functions of both, they would have provided the organization and machinery for each adapted to those ends. In the absence of any such provision I feel war *294 ranted in inferring that the legislature intended to confine each to its appropriate duties. There are many cases which may be brought originally in this court without having been submitted to a department or the accounting officers, among which may be named unliquidated damages for the breach of a contract, and the like. Such questions are essentially judicial in their nature and character. This is the reverse. It is in the first instance a pure matter of account, and therefore belongs exclusively to the department until it assumes such phase and character as to bring it within the range of judicial cognizance.
For these and other reasons I am for dismissing this petition.